[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO COMPEL SETTLEMENT (#121)
The defendant in this action seeks an order compelling the plaintiff to abide by the terms of a settlement agreement allegedly entered into with the plaintiff's attorney on or about December 21, 1990. The plaintiff, Lidia Stark, instituted this action against the defendant, Robert Gyle on October 25, 1989. The plaintiff seeks damages for injuries allegedly sustained in an automobile accident on October 11, 1987, when the vehicle in which she was a passenger was struck from behind by a vehicle operated by the defendant.
On April 2, 1991, a default for failure to plead was entered against the defendant. On April 8, 1991, the defendant filed this motion to compel settlement, a memorandum of law, affidavits, and various exhibits in support of his motion. On April 9, 1991, the defendant filed a motion to set aside the default. On April 22, 1991 this motion was granted (susco, J.) by agreement of the parties. Also on April 22, 1991, the plaintiff filed a memorandum of law and an affidavit in opposition to the defendant's motion to compel. CT Page 6577
On July 1, 1991, this court held an evidentiary hearing on the defendant's motion to compel settlement. For the reasons stated herein, the defendant's motion to compel the plaintiff to abide by the terms of an alleged settlement agreement, is denied.
It is the defendant's position that in December of 1990, the defendant's insurance carrier, in a conference with the plaintiff's attorney, offered to settle the plaintiff's claim for $83,500.00. The defendant maintains that this offer was accepted by the plaintiff's attorney and its terms confirmed in writing as evidenced by a letter from the plaintiff's attorney to the defendant's attorney. A copy of this letter, dated December 28, 1990, was submitted by the defendant in support of his motion, and it states in relevant part: "Please be advised that I have settled this case with Mara Lee Lackoff of Continental Loss Adjusting Services for Eighty Three Thousand Five Hundred Dollars ($83,500.00). . . .". The defendant has also submitted the affidavit of Mara Lee Lackoff, the adjuster for the defendant's insurance carrier. In her affidavit Lackoff states that: "On December 21, 1990, I was contacted by R. Anthony Wall, Jr., counsel for the plaintiff, who was attempting to settle the plaintiff's claim. At that time, Attorney Wall represented that his client's demand was $83,500.00." Lackoff further states that: "The plaintiff's demand was accepted at that time, a settlement draft was processed, and I instructed defense counsel that the matter was settled."
The plaintiff's attorney, Anthony Wall, was present at the hearing and testified that he did have a conversation with Ms. Lackoff and that it was his opinion that the $83,500.00 was a reasonable offer. He maintains, however, that he only agreed to discuss and recommend the settlement offer to his client because he did not have the authority to settle the claim on his client's behalf without her knowledge or approval. He further testified that when he wrote "the inartfully drafted letter" to the defendant's attorney he did not have his client's approval of the offer. The plaintiff subsequently rejected the offer and discharged Wall as her attorney.
The plaintiff, Lidia Stark, testified that she never authorized her attorney to accept the proposed settlement offer; that she is still receiving chiropractic and psychiatric treatment; and that she feels the settlement offer is too low.
The defendant's attorney was also present at the hearing and did not produce any witnesses. It is the defendant's position that his attorney was entitled to rely upon the apparent authority of the plaintiff's attorney to settle the claim. In his memorandum of law in support of the motion, the defendant correctly relies on a number of cases for the proposition that an agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties. The critical difference in the instant case is, however, that the plaintiff never agreed to the terms of the settlement offer. There can be no enforceable settlement agreement when the terms of the agreement have not been agreed to by one of the parties. Moreover, without specific authorization from a client, an attorney has no authority to enter into a CT Page 6578 settlement agreement to which the client will be bound. "An attorney who is authorized to represent a client in litigation does not automatically have either implied or apparent authority to settle or otherwise to compromise the client's cause of action." Acheson v. White, 195 Conn. 211, 213 n. 5 (1985).
Accordingly the defendant's motion to compel the plaintiff to abide by the terms of a settlement offer allegedly entered into with the plaintiff's attorney is hereby denied.
DRANGINIS, J.